IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:09-cv-00314 ) |
| SIDAL, INC. d/b/a Rally's Hamburgers, | ) ) ) ) |
| Defendant. | ) ) |

## PROTECTIVE ORDER

The Plaintiff, the EEOC, considers the name and any identifying information about the Charging Party confidential information as Charging Party has alleged that while a minor she was raped by an adult manager at the Defendant's restaurant. Additionally, the Commission considers confidential the names of any class members who in the future allege that they were raped or otherwise sexually assaulted by Defendant's employees. As such, the EEOC seeks a Protective Order limiting the disclosure of the identity of the Charging Party and any class members who may allege that they were raped and/or sexually assaulted by Defendant's employees. Accordingly, pursuant to the Court's approval and Federal Rule of Civil Procedure 26(c), that the following Protective Order ("Order") shall govern the handling of such confidential information and documents in this proceeding.

I. **Definitions**

    1. As used herein, the term "Party" or "Parties" shall refer to the EEOC and Sidal, Inc. d/b/a Rally's Hamburgers.

    2. As used herein, the term "Confidential Information" means the name of Charging Party and any identifying information about Charging Party that the Parties deem sufficiently detailed in nature so as to result in a reasonable likelihood of Charging Party's identification, including, but not limited to, Charging Party's current and former addresses and telephone numbers; the names, addresses (current or former), and telephone numbers (current or former) of the Charging Party's spouse, parents, stepparents, grandparents, children, and siblings; and any physical description of Charging Party of sufficient detail to result in a reasonable likelihood of identification of the Charging Party.

    3. The term "Designated Confidential Information" means any Confidential Information designated in the manner set out in paragraph 8 below so as to make such Confidential Information subject to the restrictions set out in this Order. With respect to any information designated as Designated Confidential Information, the term "Designating Party" means the party or parties who have designated the information as confidential, and "Receiving Party" means the party or parties to whom such information was produced or otherwise disclosed.

    4. The term "Qualified Persons" means:

        (a) Attorneys for a party (in-house or outside counsel) who are working for a party and who are working directly on this litigation, and the

law clerks, paralegals, clerical, secretarial or administrative staff of the attorneys to whom it is appropriate that the material be shown for purposes of this litigation;

(b) The Court, personnel of the Court (including personnel in the Clerk's office), stenographers, deposition stenographers, and deposition videographers;

(c) The Parties, including their agents and employees, Jane Doe, her parents and siblings, and other identified class members, only if they are assisting the Parties or their attorneys in the litigation and have signed the **Exhibit A.**

(d) Independent experts or consultants, who are working with or assisting counsel for a party in this litigation, who have signed a document in the form of **Exhibit A,** and returned the signed form to the party whom they are working with or assisting before Confidential Information is disclosed to that person;

(e) Authors and addressees of copies of documents containing Designated Confidential Information with respect to only those documents for which they are authors or addresses;

(f) Witnesses and deponents who are being questioned concerning the allegations in this case, subject to the requirements of paragraph 22 of this Order;

(g) Such other persons as may be designated by written agreement of the Parties to this proceeding; and

(h) Any other person(s) designated as a "Qualified Person" by Order of this Court, after notice to all parties.

## II. Restrictions on Disclosure and Use of Designated Confidential Information

5. Confidential Information shall not be disclosed or made available by the Parties to persons other than Qualified Persons. Any circulation of Designated Confidential Information shall be restricted to Qualified Persons. If any person having access to the Designated Confidential Information violates this Order, he or she will be subject to sanctions by the Court.

6. Any person in possession of Confidential Information shall exercise reasonably appropriate care with regard to the storage, custody, or use of such Confidential Information in order to ensure that its confidentiality is maintained.

7. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the Charging Party or class member consents to disclosure of confidential information related to her, or if the Court, after notice to all affected parties, orders such disclosure.

## III. Designation Procedure

8. Confidential Information should be designated as such by marking the document or response containing the confidential information "CONFIDENTIAL" prior to or at the time the document or response is produced. For documents, this

language shall be placed on each page or portion of a page containing confidential information. In the case of electronic information, this language shall be placed on any storage media (such as diskette or CD) on which the confidential information is produced. If copies of documents are not to be provided initially to the inspecting Party, and the documents are to be produced for inspection, then the producing Party may advise counsel inspecting the documents of their confidential status without marking the documents as provided herein. If copies are later made, they shall be marked as provided herein to indicate their confidential status. In lieu of marking the original of a document, if the original is not produced, the designating Party may mark the copies that are exchanged or produced. Tangible objects may be designated as subject to this Protective Order by affixing to the object or its container the legend "CONFIDENTIAL".

9. Confidential Information contained in responses to interrogatories, requests for admission, or in other written disclosures shall be designated as such by marking the relevant pages or portions "CONFIDENTIAL" as described in paragraph 8 above.

10. The Plaintiff may designate Confidential Information disclosed in a deposition as Designated Confidential Information by indicating on the record at the deposition that the testimony is Confidential Information and is subject to the provisions of this Order.

11. Each deposition transcript in this action shall be provisionally deemed Designated Confidential Information for a period ("Provisional Designation Period")

from the date of the deposition through thirty (30) days after all parties have received the transcript. The Provisional Designation Period for any deposition transcript may be lengthened or shortened by agreement of the parties or by order of the Court for good cause shown.

12. Prior to the end of the Provisional Designation Period, any party may designate Confidential Information disclosed in a deposition as Designated Confidential Information by notifying all of the parties, in writing, of the specific pages and lines of the transcript that contain the Confidential Information. If such a designation is made, the parties shall attach a copy of such written notice or notices to the face of the transcript and each copy of the transcript in their possession, custody or control and shall mark the designated pages of the transcript and copies as provided in paragraph 8 above.

13. If a party discovers that it has inadvertently disclosed Confidential Information to another party without designating it as Designated Confidential Information, the producing party shall promptly notify the receiving party in writing, specifically identifying the information at issue and shall provide to the receiving party replacement documents marked as required in this Order to designate the Confidential Information at issue as Designated Confidential Information. The receiving party shall return or destroy all originals and copies of the materials containing the inadvertently disclosed Confidential Information, treat the inadvertently disclosed Confidential Information as Designated Confidential Information, and promptly notify any non-Qualified Persons who may have

reviewed the inadvertently disclosed Confidential Information before the notice was received that such information shall be treated as Designated Confidential Information.

14. The inadvertent production of any document or information during discovery in the litigation shall be without prejudice to any claim that such material is privileged under the attorney-client privilege or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the Receiving Party is notified within five (5) days of the discovery that there has been such an inadvertent production. Upon written request by the inadvertently producing party, the Receiving Party shall (even if the Receiving Party disagrees that the document is privileged) return all copies of the document and not use the information in the document for any purpose until further order of the Court.

### IV. Challenges to the Designation of Information as Designated Confidential Information

15. A Receiving Party may object to the designation of information as Designated Confidential Information at any time. In the event that a Receiving Party disagrees at any stage of these proceedings with the designation ("Disputed Designation") of any information as Designated Confidential Information, the Receiving Party and the Designating Party shall first try to resolve such dispute in good faith on an informal basis pursuant to S.D. Ind. L.R. 37.1. The Receiving Party shall provide written notice to the Designating Party and state the grounds for the

objection. If the dispute remains unresolved after fifteen(15) days, the Receiving Party may move the Court to revoke the Disputed Designation. The Designating Party carries the burden of establishing the confidential or secret nature of the information. Unless and until the objection is resolved, the information or document shall continue to be treated as Designated Confidential Information.

16. Nothing in this Order shall prohibit an interested member of the public from challenging the confidentiality of any document filed under seal with this Court. If an interested member of the public makes such a challenge, the Party who designated the material as Confidential Information shall be allowed to oppose any such challenge.

17. Any party may seek an order of this Court modifying this Order.

18. Receipt by a Party of information designated as Confidential Information in accordance with this Protective Order shall not (a) constitute a concession that such Confidential Information in fact is or includes confidential or privileged information, or (b) constitute agreement or admission with respect to the competency, relevancy or materiality of any such Confidential Information.

19. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Protective Order, nor the failure to object to any designation, shall constitute a waiver of any Party's claim or defense in this action or any other action including, but not limited to, the claim or defense that any information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody Confidential Information.

## V. Usage of Designated Confidential Information in Court

20. The Clerk of this Court is directed to maintain under seal all Designated Confidential Information that is filed in Court in this litigation.

21. In the event that a party wishes to use any Designated Confidential Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Designated Confidential Information shall be filed in a sealed envelope bearing the following designation and shall otherwise comply with Local Rule 5.3 of the United States District Court, Southern District of Indiana: CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN ACCORDANCE WITH THE PROTECTIVE ORDER OF THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN COURT PERSONNEL AND COUNSEL OF RECORD IN THIS ACTION. The sealed envelope containing the Designated Confidential Information shall be maintained under seal by the Court.

22. Whenever Designated Confidential Information is introduced or used at a deposition, hearing, or other proceeding, excluding trial, the portions of the proceeding that concern such Designated Confidential Information shall be conducted under circumstances to ensure that only those persons duly authorized by this Order to have access to such Designated Confidential Information shall be present. Upon the request of any party, the portions of the transcript of any such proceeding, along with associated exhibits, that concern Designated Confidential

Information shall be sealed and kept confidential pursuant to the provisions of this Order.

23. If counsel for any party believes that it is reasonably necessary for trial preparation to disclose or otherwise reveal any Designated Confidential Information to any person other than those authorized to receive such Designated Confidential Information under paragraph 4 of this Order, such counsel shall submit a written request for disclosure to counsel for the Designating Party. The written request for disclosure shall (a) identify each person to whom disclosure is desired, (b) identify with particularity the document, discovery response or deposition testimony to be disclosed, and (c) state the reasons why counsel believes the disclosure to be necessary. Counsel for the Designating Party shall respond in writing to the written request for additional disclosures within five (5) business days after receipt of the written request. Failure to respond to the request within five (5) business days shall be considered agreement to the requested disclosure. If counsel for the parties do not agree that disclosure may be made, the party seeking the additional disclosure may seek an order from this Court to permit the disclosure.

24. Subject to the Federal Rules of Civil Procedure and the Federal Rules of Evidence, Confidential Information may be offered in evidence at any Court hearing or trial. Any Party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as

Confidential Information and, if so, what protection, if any, may be afforded to such information at the hearing or trial.

25. Nothing in this Protective Order shall be construed as a waiver by a Party of any objections that might be raised as to discoverability or to admissibility at trial of any evidentiary materials.

26. Any person who receives Confidential Information in connection with this Action and is served with a subpoena or other notice compelling the production of Confidential Information shall give prompt written notice to the producing party as far in advance of the requested production date as possible, and, if possible, no less than fourteen (14) days prior to production.

## VI. Handling of Designated Confidential Information after Conclusion of This Action

27. Except as hereinafter provided or as agreed to by the Parties, within sixty (60) days after the conclusion of this litigation, all Confidential Information shall be redacted or otherwise removed from all originals and all copies of all documents constituting or containing Confidential Information, and, in the event that redaction of Confidential Information from the document is impossible or impracticable, all originals and all copies of all of the document that cannot be redacted shall be returned to the EEOC or shall be destroyed by the receiving Party. Counsel for each Party may, however, retain (subject to the provisions of this Order) one copy of any papers filed with the Court, any deposition and trial transcripts, any deposition and trial exhibits, any written discovery requests or

responses, its correspondence file, its consultant and expert witness files, and any attorneys' notes, memoranda or other work product.

28. Insofar as the provisions of this Order restrict the disclosure and use of information produced, this Order shall continue to be binding after the conclusion of this litigation except that (a) there shall be no restriction on documents that are admitted as exhibits in Court on a non-confidential basis, and (b) a Party may seek the written permission of the producing Party or further Order of this Court with respect to dissolution or modification of this Protective Order.

29. Nothing in this Order shall bar or otherwise restrict any qualified attorney in this case from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Information, provided that such advice does not entail disclosure to anyone other than to "Qualified Persons" of the substance of any such Confidential Information.

30. Nothing in this Order shall preclude any Party from applying to the Court for modification of the terms of this Order as may be appropriate; provided, however, that prior to any such application, the Parties shall confer and make a good faith effort to resolve the matter by agreement.

31. Nothing in this Order shall preclude any Party from applying to the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) regarding the production of specific information or documents not otherwise subject to the provisions of this Order.

**FINDINGS**:

32. The Court finds that there is good cause to treat as confidential the documents and/or information which is defined as confidential as provided in this Order. Further, the Court finds that the Parties are familiar with the provisions of Local Rule 5.3 governing the sealing of documents filed with the Court.

Signed,
*/s/ Aarika D. Mack-Brown*
Aarika D. Mack-Brown
Trial Attorney
Equal Employment Opportunity Commission


*/s/ Jacob R. Fulcher*
Jacob R. Fulcher
KAHN, DEES, DONOVAN & KAHN, LLP


SO ORDERED:


Date: 01/04/2010

_____
WILLIAM G. HUSSMANN, JR.
Magistrate Judge

## Exhibit A

## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I have read the Protective Order executed by the attorneys of record for the parties and entered by the Court in the above-captioned action, understand the terms of the Protective Order, and agree to be bound by such terms. I will hold in confidence and not disclose to anyone not authorized under the Protective Order any materials containing Confidential Information disclosed to me. I further agree that neither I nor anyone assisting me will use or rely on Confidential Information disclosed to me for any purpose not authorized under the Protective Order. Without limiting the generality of this paragraph, I understand that it would be improper to use or rely on Confidential Information in communicating in any way with any person not authorized under the Protective Order. At the conclusion of this case, I will return all materials containing Confidential Information which came into my possession, and documents or things which I have prepared relating thereto, to counsel for the party who provided such Confidential Information to me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

DATED:_____

_____
Signature

_____
Printed Name

CERTIFICATE OF SERVICE

The undersigned certifies that a true and accurate copy of the Protective Order was sent on December 28, 2009 via the Court's electronic filing system to the following counsel of record:

Jake R. Fulcher
KAHN, DEES, DONOVAN & KAHN, LLP
Jfulcher@kddk.com

/s/ Aarika D. Mack-Brown
AARIKA D. MACK-BROWN
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, Indiana 46204
(317) 226-7228
FAX: (317) 226-5571
E-mail: aarika.mack-brown@eeoc.gov